### ANDREWS, (UNITED STATES v.)

[See United States v. Andrews, Cases Nos. 14,-453, 14,454, and 14,455.]

---

### ANDREWS v. WAGNER.

[See Andrews v. Spear, Cases Nos. 379 and 380.]

---

### ANDREWS v. WRIGHT.

[See Andrews v. Spear, Cases Nos. 379 and 380.]

---

### Case No. 382.

#### ANDREWS et al. v. WRIGHT.

[3 Ban. & A. 329;[1] 13 O. G. 969; 3 N. W. (O. S.) 111; 6 Reporter, 193.]

Circuit Court, D. Minnesota. June 20, 1878.

PATENTS FOR INVENTIONS — NOVELTY —UTILITY— ABANDONMENT—VALIDITY OF REISSUE.

1. Reissued patent number 4,372, granted to Nelson W. Green, for method of constructing artesian wells, dated May 9th, 1871, held valid.

[Cited in Green v. French, Case No. 5,757; Andrews v. Cross, 8 Fed. 278; Green v. French, 11 Fed. 591.]

2. The invention therein patented was novel.

[Cited in Andrews v. Cross, 8 Fed. 278; Green v. French, 11 Fed. 591.]

3. The invention was patentable and useful.

[Cited in Andrews v. Cross, 8 Fed. 278; Green v. French, 11 Fed. 591.]

4. The invention was not abandoned or dedicated to the public. Andrews v. Carman, [Case No. 371,] wherein the same patent was sustained, cited and followed.

[Cited in Green v. French, 11 Fed. 591.]

[5. A reissue is prima facie for the same invention as original patent, and, to impeach, in the absence of fraud, it must be shown to be repugnant to original.]

[Cited in Eames v. Andrews, 122 U. S. 47, 7 Sup. Ct. 1077.]

[6. Cited in Andrews v. Long, 12 Fed. 873, to the point that the element of novelty in the process covered by this patent consists in driving the tube tightly into the earth, without removing the earth upward, to serve as a well-pit, as distinguished from boring or excavating.]

[In equity. Suit by William D. Andrews, George H. Andrews, and Nelson W. Green against George B. Wright for damages for

---

[1][Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

infringement of letters patent No. 73,425; reissue, No. 4,372. Decree for complainants.]

George Gifford, John Y. Page, and Lamprey & Jones, for complainants.

Davis O'Brien Wilson, for defendant.

Before NELSON, District Judge, and DILLON, Circuit Judge.

NELSON, District Judge. This suit is brought to recover damages for an infringement of a patent, reissue No. 4,372, and for an injunction. The defences are: 1. Reissue obtained by fraud, and not for the same invention as the original. 2. Want of novelty, prior discovery and use. 3. Alleged invention for a result or effect, and not patentable. 4. Dedication to the public and abandonment. The original patent is No. 73,425, and, while the charge of fraud in procuring the reissue is not pressed, it is urged that the two instruments are for different inventions. To impeach a reissue, which is prima facie evidence that it is for the same invention, it must appear, in the absence of fraud, that the invention described therein is repugnant to the original. Middletown Tool Co. v. Judd, [Case No. 9,536.] The two patents, on examination, show that they were both granted for "a process of constructing wells," and the claim and specifications describe the process, which consists in driving a tube tightly into the earth until it reaches a water-bearing stratum, without removing the earth upward, and attaching to this well-pit a pump, air-tight, the tube being perforated at the lower extremity and for a short distance upward to admit the water more freely to the inside. The reissue is not different from the original, and the claim does not include anything more than the patentee was entitled to.

Want of novelty.—To sustain this defence testimony of prior discovery and use is introduced, but a close examination and analysis of this evidence does not satisfy my mind of the existence of the drive-wells, before Green put into practical operation his invention. There is no clear and certain testimony that any one had previously conceived the idea of such a process and adapted it to practical use; it is too shadowy and doubtful. Curt. Pat. (Ed. 1849,) §§ 40–48. There is no description of Green's process in any of the publications cited, and the claim is not strenuously pressed. It is evident the results noted therein are obtained by boring or excavating, and not by Green's process, and it is also clear that this process was not used in constructing the salt-wells at Syracuse, New York.

Alleged invention not patentable.—The utility of the invention can not be seriously denied. Its practical use, throughout this and foreign countries, attests this fact. It is a simple and cheap method of obtaining a

supply of water, unknown until Green's discovery, and the patent issued is for a process and not a result. Although making a hole in the ground by driving a rod may be a part of the operation Green performs in obtaining a supply of water, his patent describes something more. Before his process, this pit or hole could only be utilized as a well, when by natural forces water flowed into the bottom, and a water-bearing stratum must necessarily be reached where these natural forces will cause a flow of water in such a quantity that the pit becomes a reservoir or produces a stream through the tube as an artesian well. Green, by driving a tube, open at the lower end as described, into the earth, to a water-bearing stratum, with the earth packed tightly about it until the water is reached, and attaching to it a pump, air-tight, constructs a well from which a supply of water is obtained when the pump is worked, and does not rely upon the ordinary operation of natural forces upon the water lying in the earth. The evidence shows that not only an abundant supply of water is thus obtained, but it is inexhaustible. In Kneass v. Schuylkill Bank, [Case No. 7,875,] the patented improvement secured and described in the specifications was for copper-plate or copper-plate and type printing on bank-notes, for the purpose of producing a particular effect, viz.: security against counterfeits; and it was urged that printing with types and copper-plate is not new, but had been long in common use before the invention described, and, therefore, the patent is for an effect. The court said: "This is a mistake; * * * the patent is not for the effect, but for the kind of printing by which the effect is produced." And the patent was sustained as a process, although the art of printing with copper-plates and letter-press was old. So here, a hole or well-pit is made, but the invention is for a combination of that operation with others described as necessary to construct a drive-well—a process. Green dispenses with digging and boring, and produces a new combination of operation.

Dedication to the public and abandonment. —The facts were reviewed by Judge Benedict in Andrews v. Carman, [Case No. 371,] and I concur in his conclusion, that they do not amount to a dedication, or sustain the defence of abandonment.

Decree for complainants is ordered, and a reference to a master to ascertain damages.

DILLON, Circuit Judge, concurs.

[NOTE. Patent No. 73.425 was granted January 14. 1868, to N. W. Green, and reissued May 9, 1871, (No. 4,372.) For other suits involving this patent, see Andrews v. Carman, Case No. 371; Same v. Long, 12 Fed. 873; Same v. Cross, 8 Fed. 278; Same v. Creegan, 7 Fed. 477; Greene v. Gardiner, 22 O. G. 683; Andrews v. Eames. 15 Fed. 109; Green v. French, 11 Fed. 591; Andrews v. Hovey. 16 Fed. 387; Green v. French, Case No. 5,757; Green v. Barney, 19 Fed. 420; Andrews v. Spear, Case No. 380; Andrews v. Denslow, Id. 372.]